22912

John Hawk BECKNER, Petitioner, v.
STATE of South Carolina, Respondent.

(373 S. E. (2d) 469)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Salley W. Elliott,* Columbia, *for respondent.*

Submitted Aug. 31, 1988.

Decided Oct. 24, 1988.

*Per Curiam:*

Petitioner seeks a writ of certiorari to review the denial of his application for post-conviction relief (PCR). After his counsel filed a petition to be relieved on the basis that no issues of arguable merit were involved, this Court denied the petition to be relieved and directed the parties to address two questions. *See Johnson v. State,* 294 S. C. 310, 364 S. E. (2d) 201 (1988). We grant certiorari, dispense with further briefing and reverse.

Petitioner pled guilty to distribution of marijuana, second offense, and was sentenced to imprisonment for ten years, suspended upon the service of five years with five years probation. One of the conditions of probation is that petitioner will not "be in a place of business that sells alcohol."

At the PCR hearing, petitioner asserted that this condition was unreasonable and therefore invalid. The PCR judge, who had also been the sentencing judge, upheld the validity of this condition.

Under S. C. Code Ann. § 24-21-430 (1976), a trial judge has broad discretion in imposing conditions of probation, and the conditions which he may impose are not limited to those enumerated in the statute. *State v. Wilson*, 274 S. C. 352, 264 S. E. (2d) 414 (1980). Conditions of probation must, however, be reasonable. 24 C.J.S. *Criminal Law* § 1571(8) (1961); 21 Am. Jur. (2d), *Criminal Law* § 570 (1981).

While the challenged condition may have been reasonable at an earlier time, we do not believe that the condition is reasonable in today's society where alcohol is sold in a wide variety of businesses. The practical effect of the challenged condition is to prohibit petitioner from entering or working in virtually every grocery and convenience store in South Carolina. Additionally, it excludes petitioner from a large number of restaurants in this State.

The burden imposed on petitioner by this condition is greatly disproportionate to any rehabilitative function it may serve. Therefore, it is our opinion that the condition is unreasonable.[1]

Accordingly, the portion of the PCR judge's order upholding the condition prohibiting petitioner from being "in a place of business that sells alcohol" is reversed and the condition is vacated.

Reversed.

---

[1] This does not mean that other less restrictive conditions prohibiting entry into places which sell alcohol may not reasonable. *See, People v. Smith*, 145 Cal. App. (3d) 1032, 193 Cal. Rptr. 825 (1983) [upholding condition requiring probationer to stay out of places where alcohol is the chief item on sale]; *Brown v. State*, 406 So. (2d) 1262 (Fla. App. 1981) [upholding condition requiring probationer to stay away from bars]; *State v. Harrington*, 78 N. C. App. 39, 336 S. E. (2d) 852 (1985) [upholding condition that probationer not frequent places which sell alcohol during certain hours].