23190

The STATE, Respondent v. Harry CANADY, Appellant.

(391 S.E. (2d) 248)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling, of South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Feb. 5, 1990.

Decided April 12, 1990.

CHANDLER, Justice:

Harry Canady appeals from a revocation of his probation.

We affirm.

## FACTS

In April 1986, Canady was convicted of committing a lewd act on a minor and sentenced to ten years, suspended upon service of five years probation. In May, 1988, unrepresented by counsel, he was convicted of criminal domestic violence and sentenced to fifteen days in prison.

Subsequently, in August, 1988, the Circuit Court revoked five years of Canady's probation, finding that he had: (1) violated a state law (the criminal domestic violence conviction), (2) failed to follow the advice and instructions of his probation agent, (3) failed to report to his probation agent as directed and (4) failed to attend and complete mental health counseling.[1]

## ISSUE

Did the Court err in considering Canady's uncounseled conviction in revoking probation?

## DISCUSSION

Relying upon *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. (2d) 169 (1980), *reh. denied*, 447 U.S. 930, 100 S. Ct. 3030, 65 L. Ed. (2d) 1125, Canady contends that the Court erred in considering his uncounseled criminal domestic violence conviction. We disagree.

In *Baldasar* the U.S. Supreme Court held that an uncounseled conviction, valid in itself, could not be used to enhance punishment for a subsequent offense.

Here, the criminal domestic violence conviction did not result in any *enhancement* of Canady's "lewd acts" conviction but, rather, was considered only as violation of the terms of probation.

Canady's remaining exception is dismissed pursuant to Supreme Court Rule 23. *See State v. Sullivan*, 277 S.C. 35, 282 S.E. (2d) 838 (1981).

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[1] Each was a condition of Canady's probation.