23376

The STATE, Respondent v. Thomas James CHANCE, Appellant.

(405 S.E. (2d) 375)

Supreme Court

*C. Rauch Wise*, of *Wise & Tunstall*, Greenwood, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. W. Townes Jones*, Greenwood, *for respondent.*

Heard Feb. 6, 1991; Decided Apr. 8, 1991.

Rehearing Denied July 3, 1991.

GREGORY, Chief Justice:

Appellant was convicted of second offense driving under the influence (DUI). He was sentenced to a one-year term of imprisonment and fined $2,000, suspended upon the service of two days, payment of $1,000, and probation for one year. We affirm.

Appellant pleaded guilty in 1980 to a prior DUI. This offense is within the ten-year period allowed for enhancement to second offense DUI under S.C. Code Ann. § 56-5-2940 (Supp. 1990). Appellant was not represented by counsel at the

1980 plea nor does the record before us indicate appellant waived his right to counsel. Appellant was not incarcerated for the 1980 offense.[1]

Appellant relies on *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. (2d) 169 (1980), to argue that his prior uncounselled guilty plea cannot be used to enhance his punishment as a repeat offender absent the State's proof of a waiver of counsel. Thus, for the first time, this Court must face the difficult task of interpreting the *Baldasar* decision.[2]

*Baldasar* was decided after the decision in *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. (2d) 383 (1979). *Scott* held that an uncounselled misdemeanor conviction is constitutionally valid if the offender is not actually incarcerated. The *Baldasar* court grappled with the issue whether a conviction valid under *Scott* may be used to increase the term of imprisonment for a subsequent offense under an enhanced penalty statute; the issue, however, was never resolved. The Court split four-to-four on this question and the fifth and deciding vote was cast on a different ground.[3]

Not surprisingly, state court decisions seeking to apply *Baldasar* have taken widely divergent views with no majority consensus. *See e.g., Commonwealth v. Thomas*, 510 Pa. 106, 507 A. (2d) 57 (1986) (valid for enhancement if no actual imprisonment and not subject to imprisonment for more than six months); *State v. Novak*, 107 Wis. (2d) 31, 318 N.W. (2d) 364 (1982) (valid for enhancementif not subject to imprisonment); *Sargent v. Commonwealth*, 5 Va. App. 143, 360 S.E. (2d) 895 (1987) (not valid for enhancement even if no actual imprisonment); *State v. Orr*, 375 N.W. (2d) 171 (N.D. 1985) (valid for enhancement if not punishable by imprisonment for more than six months).

In seeking a logical application of the decisions of the United States Supreme Court, we conclude an uncounselled

---

[1] The statute in effect at the time allowed for punishment by a fine of fifty to one hundred dollars or imprisonment for ten to thirty days for first offense DUI. S.C. Code Ann. § 56-5-2940 (1976).

[2] In *State v. Canady*, — S.C. —, 391 S.E. (2d) 248 (1990), we addressed a *Baldasar* claim but found it inapplicable because there was no enhanced punishment as a result of the prior conviction.

[3] Justice Blackmun concurred in reversal because he would find a right to counsel where the defendant is subject to imprisonment for six months or more. This test for right to counsel was rejected in *Scott*.

conviction constitutionally valid under *Scott* is valid for all purposes and therefore may be used to increase the term of imprisonment for a subsequent offense under an enhanced penalty statute. Accordingly, we hold when a defendant was not actually incarcerated for a prior uncounselled misdemeanor, that offense may be used for enhancement. The judgment of the circuit court is therefore

Affirmed.

HARWELL, CHANDLER and TOAL, JJ., concur.

FINNEY, A.J., dissents in separate opinion.

FINNEY, Justice, dissenting:

I respectfully dissent. I would hold that a prior uncounselled conviction which did not result in incarceration may not be used to increase punishment under an enhanced penalty statute.

In affirming the circuit court, the majority concludes that an uncounselled conviction constitutionally valid under *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. (2d) 383 (1979), is valid for all purposes.

The United States Supreme Court held in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. (2d) 530 (1972), that unless an accused has the guiding hand of counsel at every step in the proceedings against him, his conviction is not sufficiently reliable to support the severe sanction of imprisonment. Subsequently in *Scott, supra,* the Supreme Court held that counsel must be provided if a prison term is actually imposed, not merely authorized. *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. (2d) 169 (1980), decided after *Scott, supra,* held that an uncounselled misdemeanor conviction is constitutionally valid if the offender is not actually incarcerated. The five justices in *Baldasar* concurred, for differing reasons, that such a conviction may not be used to convert a subsequent misdemeanor into a felony with an enhanced prison term.

Apparently, the underlying consideration in these rulings is whether or not the accused would suffer an actual deprivation of personal freedom. In each instance, the uncounselled misdemeanor conviction was found to be constitutionally valid when

no period of actual incarceration resulted therefrom. Hence, I would conclude that such a conviction may not form the basis for any subsequent incarceration.

"An uncounselled conviction does not become more reliable merely because the accused has been validly convicted for a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." *Baldasar*, 446 U.S. at 228, 100 S. Ct. at 1588 (Marshall, J. concurring).

In my opinion, an uncounselled first offense DUI guilty plea, which did not result in imprisonment, should not be used to convert a subsequent DUI conviction to a second offense DUI for the purpose of enhanced punishment resulting in incarceration. I would reverse.