23732

The STATE, Respondent v. Dale A. WICKENHAUSER, Appellant.

(423 S.E. (2d) 344)

Supreme Court

*Wayne Floyd,* West Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *E. Jean Howard,* Columbia, and *Sol. Donald V. Meyers,* Lexington, *for respondent.*

Heard Oct. 30, 1991; Decided Oct. 26, 1992.

Reh. Den. Dec. 8, 1992.

TOAL, Justice:

Appellant Dale A. Wickenhauser appeals his conviction for driving under the influence (DUI), fourth offense, and sentence of imprisonment for four years, suspended upon service of eighteen months and probation for five years. We affirm in part and reverse in part.

## FACTS

Wickenhauser was arrested for DUI on March 24, 1990. A breathalyzer test was administered and the result was .19 percent blood alcohol. Pursuant to Wickenhauser's request for an independent blood test, he was taken to Lexington Medical Center. After the blood samples were drawn, Wickenhauser received one vial of blood and a police officer took possession

of a second blood sample before transporting Wickenhauser to jail.

Wickenhauser was booked at the jail and relinquished custody of his personal belongings to jail personnel. The itemized receipt for his personal effects did not contain any reference to a vial of blood. He was released the following day and received his personal items, which did not include the vial of blood. Wickenhauser signed the receipt and left without inquiring about the blood sample. When he went back to the jail two days later seeking the vial, Wickenhauser was advised by jail personnel that they had no record of receiving a blood sample from him and were unable to locate such a vial.

At trial, Wickenhauser moved to suppress the results of his breathalyzer and blood tests on the ground that he was not reasonably assisted in obtaining an independent blood test as provided by S.C. Code Ann. § 56-5-2950(a) (1991). The trial court denied the motion.

## ISSUES

On appeal, Wickenhauser contends the trial judge erred in:

(a) admitting results of the breathalyzer and blood tests into evidence during his trial,

(b) considering Wickenhauser's prior uncounseled convictions for the purpose of enhancing punishment,

(c) considering prior convictions more than ten years old, and

(d) abusing his discretion by imposing probation of such length and accompanying conditions as to be contrary to law and public policy.

Admission of Results of Breathalyzer and Blood Alcohol Test

■ The pertinent portion of Section 56-5-2950(a) provides as follows:

. . . The person tested or giving samples for testing may have a qualified person of his own choosing conduct additional tests at his expense and must be notified of that right. . . . The arresting officer shall provide reasonable assistance to the person to contact a qualified person to conduct additional tests.

Failure to provide reasonable assistance requires a suppres-

sion of both the breathalyzer and the blood test results. *State v. Pipkin*, 294 S.C. 336, 364 S.E. (2d) 464 (1988).

It is uncontroverted that Wickenhauser underwent an ■ independent blood alcohol test in compliance with the statute and undisputed that he took custody of a blood sample. We conclude that Wickenhauser received aid sufficient to constitute reasonable assistance under Section 56-5-2950(a). Whether this assistance was subsequently negated by the acts of the law enforcement personnel presented an issue of fact for the determination of the jury. *State v. Bullock*, 235 S.C. 356, 111 S.E. (2d) 657 (1959) *overruled on other grounds*, *State v. Torrence*, 305 S.C. 45, 406 S.E. (2d) 315 (1991). Hence, we affirm the trial court's ruling.

Prior Uncounseled Convictions Used for Enhancement

Wickenhauser next alleges that the trial court erred in ■ considering his prior uncounseled convictions for the purpose of enhancing his sentence. Prior to the offense at issue, Wickenhauser pled guilty to three DUI offenses without the aid of counsel. Citing *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed. (2d) 169 (1980), Wickenhauser argues that these convictions should not have been considered. We disagree.

We note that the *Baldasar* court did not arrive at a ■ final resolution of this issue. However, this Court held in a recent case that "an uncounseled conviction constitutionally valid under *Scott is* valid for all purposes and, therefore, may be used to increase the term of imprisonment for a subsequent offense under an enhanced penalty statute." *State v. Chance*, 304 S.C. 406, 405 S.E. (2d) 375 (1991) *cert. denied* — U.S., 112 S.Ct. 1241, 117 L.Ed. (2d) 474 (1992) (citing *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed. (2d) 383 (1979)). Wickenhauser's 1985 conviction resulted in a one-year sentence which was suspended upon service of probation. However, Wickenhauser was not incarcerated under this sentence. As we held in *Chance*, when a defendant is not actually incarcerated on a prior uncounseled conviction, that offense may be used for enhancement. *Id.* at 408, 405 S.E. (2d) at 376. *Accord, United States v. Nash*, 703 F. Supp. 507 (W.D. La.) *aff'd*, 886 F. (2d) 1312 (5th Cir. 1989) (suspended sentence does not violate *Scott)*. Therefore, we conclude that Wicken-

hauser's prior uncounseled DUI convictions were appropriately considered in determining his enhanced punishment for this subsequent conviction.

Prior Convictions within Ten Years

Wickenhauser argues the court erred in considering previous convictions which were more than ten years prior to this conviction in making the determination that this was his fourth offense.

The applicable statute provides:

> . . . [A]ny conviction, entry of a plea of guilty or of nolo contendere or forfeiture of bail, for the violation of any law or ordinance of this State or any municipality of this State that prohibits any person from operating a motor vehicle while under the influence of intoxicating liquor, drugs, or narcotics shall constitute a prior offense for the purpose of any prosecution for any subsequent violation hereof. Only those offenses which occurred within a period of ten years including and immediately preceding the date of the last offense shall constitute prior offenses within the meaning of this section.

S.C. Code Ann. § 56-5-2940 (1991).

Wickenhauser maintains that under this provision, the time periods between his offenses should be measured from conviction to conviction. Since his first conviction was more than ten years before this conviction, Wickenhauser argues it should not have been considered in his sentencing. We disagree. We read the statute as limiting offenses to those which result in a conviction, entry of a plea of guilty, nolo contendere, or forfeiture of bail as offenses to be considered, not redefining the date of the offense to mean the date of the conviction, entry of a plea of guilty, nolo contendere or forfeiture of bond. Accordingly, the date of the offense remains the date on which the violation occurred. Thus, any violations which result in a conviction, entry of a plea of guilty, nolo contendere, or forfeiture of bail which occur within ten years of the date of the current offense are properly considered prior offenses. Under this interpretation, all of Wickenhauser's previous offenses occurred within ten years of this offense. Therefore, we affirm the trial

court's holding that the offense at issue constitutes a fourth offense DUI conviction within the ten-year period.

### Probation

Finally, Wickenhauser asserts that the trial court ■ abused its discretion in the imposition of sentence. Wickenhauser was sentenced to four years imprisonment, suspended to service of eighteen months, and five years probation under certain conditions. Wickenhauser contends that by ordering five years probation after imprisonment for eighteen months, the trial court improperly extended the statutory maximum five-year sentence. We disagree.

Section 56-5-2940(4) provides for imprisonment of not less than one year nor more than five years for fourth offense DUI. Although Wickenhauser's term of imprisonment plus the probationary period exceeds five years, any actual period of incarceration under this sentence will not exceed the maximum statutory limit of five years. Hence, we do not find an abuse of discretion in this instance.

Wickenhauser asserts further that the trial judge ■ abused his discretionary powers in the special condition of probation imposed. We agree. The trial judge's order imposes, as a condition of probation, that Wickenhauser not be found at locations where alcoholic beverages are being sold for consumption on the premises. This Court has held similar restrictions to be unreasonable and disproportionate to any intended rehabilitative function. *See Beckner v. State*, 296 S.C. 365, 373 S.E. (2d) 469 (1988). Accordingly, we reverse and vacate this condition.

The judgment of the circuit court is

Affirmed in part and reversed in part.

HARWELL, C.J., CHANDLER, J., GEORGE T. GREGORY, Jr., Acting Associate Justice, concur.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice (dissenting in part):

I respectfully dissent. For the reasons set forth in my dissenting opinion in *State v. Chance*, 304 S.C. 406, 405 S.E. (2d) 375 (1991), *cert. denied* — U.S. —, 112 S.Ct. 1241 (1992), I dissent from so much of the majority's opinion as affirms the trial

court's ruling that a prior uncounseled conviction may be used to enhance punishment for a subsequent conviction.