504 S.E.2d 335

**The STATE, Respondent,**

v.

**Robert PAYNE, Appellant.**

No. 2873.

Court of Appeals of South Carolina.

Submitted June 2, 1998.

Decided July 20, 1998.

Assistant Appellate Defender Robert M. Pachak, of Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General G. Robert DeLoach, III, all of Office of the Attorney General, Columbia; and Solicitor Ralph J. Wilson, Conway, for respondent.

HOWARD, Justice:

This cases raises the fundamental question of whether the State or the defendant bears the burden of proof when the defendant collaterally attacks a prior conviction which the State seeks to use under a sentence enhancement statute. Robert Payne was convicted of driving under the influence (DUI) second offense and sentenced to six months imprisonment. Payne appeals the enhancement of his sentence arguing he should have been sentenced as a first offender because his prior DUI conviction was uncounseled and he was not warned of the dangers of self-representation. We affirm.[1]

## I. FACTS

In 1990, Payne was convicted of DUI first offense' without counsel and sentenced to 15 days imprisonment. Payne's conviction was affirmed by our supreme court. *State v. Payne*, Op. No. 94–MO–273 (S.C.Sup.Ct. filed Nov. 23, 1994).

In 1995, Payne was again charged with DUI. Prior to trial, Payne challenged the State's use of his prior DUI conviction for sentence enhancement purposes. Payne asserted that he proceeded pro se in the first trial without being warned of the dangers of self-representation as required by *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Therefore, he argued, the prior conviction could not be used to enhance the sentence of a second conviction, under *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), since his first conviction was uncounseled and resulted in imprisonment. Payne did not produce any evidence to support this assertion, relying instead on his arguments to the trial court.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

In response, the State submitted portions of Payne's 1990 trial transcript. The portions introduced by the State confirmed Payne's assertion that he proceeded pro se in his first trial and was sentenced to 15 days imprisonment. However, due to large gaps in the transcript, it was not apparent whether Payne received the *Faretta* warnings.

The trial court ultimately denied Payne's motion to prevent the use of his first DUI conviction for sentence enhancement purposes.

## II. DISCUSSION

■ The issue raised in Payne's appeal is whether the State or the defendant bears the burden of proof when the defendant collaterally attacks a prior conviction which the State seeks to use under a sentence enhancement statute. We hold the defendant has the burden of proof.

States and the federal government have long used sentence enhancement statutes to deter and punish more severely repeat offenders. *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). For example, South Carolina has imposed a graduated series of increased penalties for each subsequent DUI offense committed by a defendant.[2] S.C.Code Ann. § 56–5–2940 (1991 & Supp.1997). This spectrum of penalties begins with a $200 fine or possible 30 days imprisonment for the first offense and ends with between one and five years imprisonment for the fourth or subsequent offense. *Id.*

■ However, constitutional limitations exist. As correctly asserted by Payne, the Sixth and Fourteenth Amendments to the United States Constitution prohibit a prior uncounseled conviction resulting in a sentence of imprisonment to be used to enhance the punishment of a subsequent conviction. *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d

---

**2.** It is important to note that proof of a defendant's prior DUI offenses is not an element of the substantive crime of DUI. *See* S.C.Code Ann. § 56–5–2930 (1991) ("It is unlawful for any person who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquors, narcotic drugs, barbiturates, paraldehydes or drugs, herbs or any other substance of like character, whether synthetic or natural, to drive any vehicle within this State."). Proof of a defendant's prior DUI offenses is required only when the State seeks to subject the defendant to enhanced penalties under section 56–5–2940.

745 (1994); *State v. Chance*, 304 S.C. 406, 405 S.E.2d 375 (1991), *cert. denied*, 502 U.S. 1120, 112 S.Ct. 1241, 117 L.Ed.2d 474 (1992). Our supreme court has applied this rule several times, but has not addressed the issue of whether the defendant must prove he was denied the right to counsel in the prior conviction or the State must prove the defendant was afforded his right to counsel in the prior conviction. *See State v. Wickenhauser*, 309 S.C. 377, 423 S.E.2d 344 (1992); *Chance, supra; State v. Sims*, 304 S.C. 409, 405 S.E.2d 377 (1991), *cert. denied*, 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992); *State v. Canady*, 301 S.C. 202, 391 S.E.2d 248 (1990); *State v. Smith*, 276 S.C. 494, 280 S.E.2d 200 (1981). Practically speaking, the success or failure of a collateral attack of a prior conviction may depend upon which party bears the burden of proof. Indeed, the question of whether a prior conviction was constitutionally valid will often arise several years after trial and proof of its validity or invalidity may be scarce.

Our analysis begins with the United States Supreme Court's latest pronouncement on the subject in *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). In *Parke*, the Court held the Due Process Clause permits a state to place the burden of proof upon a defendant who collaterally attacks the validity of a prior conviction where the government seeks to use it under a sentence enhancement statute. The defendant in *Parke* challenged Kentucky's use of two prior convictions to enhance his sentence under its persistent felony offender statute. He claimed both guilty pleas were invalid because they were not knowingly and voluntarily entered. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Kentucky's persistent felony offender statute imposed a shifting burden of proof for collateral attacks of prior convictions. Under this statutory scheme, the commonwealth had the initial burden to establish the existence of the prior conviction. The burden then shifted to the defendant to produce evidence that his rights were infringed in the earlier proceeding. At that point, the burden shifted back to the commonwealth to affirmatively prove the conviction was entered in a manner which protected the defendant's rights.

In its analysis of Kentucky's statutory scheme, the Court focused on the "deeply rooted ... 'presumption of regularity'

that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke,* 506 U.S. at 29, 113 S.Ct. at 523. "Our precedents make clear ... that even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." *Id.* at 31, 113 S.Ct. at 524. The Court could find "no good reason to suspend the presumption of regularity" in the case before it.[3] *Id.* at 30, 113 S.Ct. at 523. The Court noted the serious practical difficulties confronting a party who is assigned the evidentiary burden in a collateral attack of a prior conviction. However, "[t]he Due Process Clause does not ... require a State to adopt one procedure over another on the basis that it may produce results more favorable to the accused." *Id.* at 32, 113 S.Ct. at 524 (quoting *Medina v. California,* 505 U.S. 437, 451, 112 S.Ct. 2572, 2580, 120 L.Ed.2d 353 (1992)).

In South Carolina, there are no statutes addressing the burden of proof for collateral attacks of prior convictions in the context of sentence enhancement provisions. However, our case law has a long history of embracing the presumption of regularity that attaches to final judgments. *See Parker v. State Highway Dep't,* 224 S.C. 263, 272–73, 78 S.E.2d 382, 386 (1953) ("Upon ... conviction, there is no longer a presumption of innocence. There then arises a 'legal as well as laical presumption' that the conviction is just."); *State v. McAbee,* 220 S.C. 272, 67 S.E.2d 417 (1951) (holding validity of prior DUI conviction will be presumed where defendant alleged court in prior conviction lacked jurisdiction and the proceedings of the prior trial did not appear in the record on appeal).

The case most relevant to the resolution of this issue is *DeWitt v. South Carolina Dep't of Highways & Pub. Transp.,* 274 S.C. 184, 262 S.E.2d 28 (1980) (per curiam), in which our supreme court stated:

When the State is prosecuting a person for an offense that carries an enhanced penalty on a conviction of a second or

---

**3.** This does not mean that the presumption of regularity could never be suspended. As the Court noted in *Parke,* the presumption may be suspended if the unavailability of evidence to support the defendant's attack of the prior conviction is due to governmental misconduct.

subsequent offense, the State is not required to prove the legality of the prior conviction, nor does it have to show the facts surrounding that conviction. It is only necessary for the State to prove that a previous conviction exists, that the conviction was for an offense which occurred prior to the commission of the offense for which the defendant is being tried, and that the defendant was the subject of that prior conviction.

*Id.* at 187, 262 S.E.2d at 29–30.

We read the language of *DeWitt* literally and, considering the presumption of regularity given to final judgments, conclude the defendant bears the burden of proof when collaterally attacking a prior conviction which the State seeks to use under a sentence enhancement statute. We therefore hold that once the State has proven the prior conviction as set forth in *DeWitt,* the defendant has the burden of proving it is constitutionally defective or otherwise invalid by a preponderance of the evidence.[4]

Turning to the facts of this case, Payne failed to produce any evidence, testimonial or otherwise, to prove his assertion that the prior conviction was acquired in violation of the constitutional dictates of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Furthermore, the evidence submitted by the State was inconclusive. Since Payne failed to carry his burden of proof, the trial court did not err in allowing the State to use his prior DUI conviction to enhance the sentence for his second conviction.

## III. CONCLUSION

For the foregoing reasons, Payne's conviction and sentence are

**AFFIRMED.**

HEARN and ANDERSON, JJ., concur.

---

4. The preponderance of the evidence standard is applicable to collateral attacks of prior convictions by persons seeking post-conviction relief. Rule 71.1(e), SCRCP; *Jeter v. State,* 308 S.C. 230, 417 S.E.2d 594 (1992). This standard should likewise be applied to collateral attacks of prior convictions by persons seeking to prevent the use of the prior convictions under a sentence enhancement statute.