637 S.E.2d 571

**The STATE, Respondent,**

v.

**George Franklin SOSBEE, Jr., Appellant.**

**No. 4177.**

Court of Appeals of South Carolina.

Submitted Oct. 1, 2006.

Decided Nov. 13, 2006.

Assistant Appellate Defender Tara S. Taggart, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.

BEATTY, J.:

George Franklin Sosbee, Jr., was convicted of assault with intent to commit criminal sexual conduct with a minor in the first degree and committing a lewd act upon a child. He was

sentenced to life without the possibility of parole and fifteen years imprisonment, respectively. He appeals, arguing the trial court erred in: (1) sentencing him to life without the possibility of parole; and (2) allowing the State to amend an indictment where it changed the nature of the offense. We affirm.[1]

## FACTS

In 2003, Sosbee lived with the grandmother of an eight-year-old girl (the victim). In September or October of that year, the victim told her mother and another female adult that a few months prior, Sosbee touched her in her private parts with his hand and tongue and threatened to put her grandparents and aunts in jail if she told anyone. The victim was examined by a physician, but there were no signs of injury. Sosbee was charged with committing a lewd act on a minor and criminal sexual conduct with a minor, first degree. Because Sosbee had a prior conviction for criminal sexual conduct, second degree, the State served notice that it intended to seek a sentence of life without the possibility of parole.

At trial, the victim testified Sosbee touched her on her privates with his hand and tongue. On cross-examination, the victim also stated that all of the touching occurred while she was clothed. At the end of the State's case, Sosbee moved for a directed verdict as to both charges, arguing there was no evidence of penetration and any alleged touching could not meet the statutory definition of sexual battery because the victim was wearing clothing and there was no skin-to-skin contact. The State moved to amend the criminal sexual conduct with a minor indictment to assault with intent to commit criminal sexual conduct with a minor, first degree. Sosbee objected to the proposed amendment, and the parties discussed the matter in chambers. The court granted the amendment, and Sosbee noted his objection for the record. Sosbee was convicted of assault with intent to commit criminal sexual conduct with a minor, first degree, and committing a lewd act upon a minor.

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

During sentencing, the State informed the court that Sosbee had a 1993 conviction for criminal sexual conduct, second degree, and a "DUI record in 1983, and a criminal domestic violence record in 1995." Sosbee objected, arguing the prior criminal sexual conduct conviction should not be used to enhance his sentence to life imprisonment without the possibility of parole because it was an uncounseled guilty plea. The court sentenced Sosbee to life imprisonment without the possibility of parole. He appeals.

## LAW/ANALYSIS

### I. Sentencing

Sosbee argues the trial court erred in sentencing him to life imprisonment without the possibility of parole because assault with intent to commit criminal sexual conduct with a minor was not a "most serious" offense that would qualify him for the sentence under the "two strikes" statute. He also argues that the prior conviction should not have been used for sentence enhancement because it was the result of an uncounseled conviction. We disagree.

### A. Most Serious Offense

■ Sosbee initially argues the trial court erred in sentencing him to life without the possibility of parole because, although criminal sexual conduct with minors in any degree is a "most serious" offense in section 17–25–45(C)(1), **assault with intent** to commit criminal sexual conduct with a minor, first degree, is not specifically enumerated in the statute. Thus, he argues, it is not a "most serious" offense.[2]

Sosbee's argument lacks merit. Section 17–25–45 clearly designates criminal sexual conduct with a minor as a "most serious" offense. Section 17–25–45 also designates any "at-

---

2. A person must be sentenced to life imprisonment without the possibility of parole when convicted of a most serious crime and the person has one or more prior convictions for a most serious crime, or when convicted of a serious crime and the person has two or more convictions for a serious crime. S.C.Code Ann. § 17–25–45(A), (B) (2003 & Supp.2005). Included in the list of "most serious" offenses is criminal sexual conduct, criminal sexual conduct with minors, and assault with intent to commit criminal sexual conduct, first and second degree. S.C.Code Ann. § 17–25–45(C)(1) (Supp.2005).

tempt, for any offense enumerated in this item" as a most serious offense. S.C.Code Ann. § 17–25–45(C)(1) (Supp.2005). An assault with intent to commit criminal sexual conduct with a minor in the first degree is more aptly designated as an "attempt" to commit criminal sexual conduct with a minor. *See State v. LaCoste,* 347 S.C. 153, 165–66, 553 S.E.2d 464, 471 (Ct.App.2001) ("Assault is an **attempted** battery or an 'unlawful **attempt** or offer to commit a violent injury upon another person, coupled with the present ability to complete the attempt or offer by a battery.' " (emphasis added) (quoting *State v. Sutton,* 340 S.C. 393, 397, 532 S.E.2d 283, 285 (2000))); *see also* 6 Am.Jur.2d *Assault & Battery* § 1 (1999) (defining assault as the "intentional **attempt** by a person, by force or violence, to do an injury to the person of another, or as any **attempt** to commit a battery, or any threatening gesture showing in itself or by words accompanying it an immediate intention, coupled with a present ability, to commit a battery"); *Black's Law Dictionary* 109; 123 (7th ed. 1999)(defining assault as an "**attempt** to commit battery, requiring the specific intent to cause physical injury;" and defining attempt as "an overt act that is done with the intent to commit a crime but that falls short of completing the crime").

Moreover, in construing these related statutes together, it is clear that the legislature intended this offense to be considered a "most serious" offense. *State v. Gordon,* 356 S.C. 143, 152–53, 588 S.E.2d 105, 110 (2003) ("In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect . . . if possible we will construe a statute so as to escape an absurd result and carry the legislative intention into effect"). Criminal sexual conduct with a minor is defined in South Carolina Code section 16–3–655.[3] Section 16–3–655 specifically designates the pro-

---

**3.** § 16–3–655 Criminal sexual conduct with minors.

  (A) A person is guilty of **criminal sexual conduct in the first degree** if:
    (1) the actor engages in sexual battery with the victim who is less than eleven years of age; or
    (2) the actor engages in sexual battery with a victim who is less than sixteen years of age and the actor has previously been convicted of, pled guilty or nolo contendere to, or adjudicated delinquent for an offense listed in Section 23-3-430(C) or has been ordered to be

hibited conduct as **criminal sexual conduct in the first degree or criminal sexual conduct in the second degree.** Both of these are listed as most serious offenses in section 17–25–45. As previously stated, section 17–25–45 also designates any attempt to commit these offenses as most serious. *See State v. Morgan,* 352 S.C. 359, 367, 574 S.E.2d 203, 207 (Ct.App.2002) (noting that where the terms of a statute are clear, the court must apply the plain meaning of those terms, and that the statute should receive a "practical, reasonable, and fair interpretation consonant with purpose, design, and policy of lawmakers"); *see also State v. Brock,* 335 S.C. 267, 271, 516 S.E.2d 212, 214 (Ct.App.1999) (citing sections 16–3–655 and 16–3–656 to define first-degree assault with intent to commit criminal sexual conduct with a minor). Accordingly, we find no error in designating assault with intent to commit criminal sexual conduct with a minor as a "most serious" offense.

## B.   Uncounseled Plea

■   Sosbee next argues the trial court erred in sentencing him to life without the possibility of parole because the prior sentence used to enhance his sentence was the result of an uncounseled guilty plea.

■   The use of an uncounseled conviction resulting in a sentence of imprisonment to enhance the punishment in a subsequent conviction violates the Sixth and Fourteenth Amendments to the United States Constitution. *Nichols v. United States,* 511 U.S. 738, 746–47, 114 S.Ct. 1921, 128

---

included in the sex offender registry pursuant to Section 23–3–430(D).

Upon conviction, the actor must be punished by imprisonment for not less than ten years nor more than thirty years, no part of which may be suspended or probation granted.

(B) A person is guilty of **criminal sexual conduct in the second degree** if the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age.

(C) A person is guilty of **criminal sexual conduct in the second degree** if the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim.

S.C.Code Ann. § 16–3–655 (Supp.2005) (emphasis added).

L.Ed.2d 745 (1994). However, an uncounseled conviction that does not result in actual imprisonment may be used to enhance a subsequent conviction. *Id.* at 748–49, 114 S.Ct. 1921; *State v. Wickenhauser,* 309 S.C. 377, 380, 423 S.E.2d 344, 346 (1992) (holding that the use of the defendant's prior, uncounseled DUI conviction was properly used to enhance his punishment in a subsequent offense where the prior sentence was suspended upon the service of probation and he was not incarcerated); *State v. Chance,* 304 S.C. 406, 407–08, 405 S.E.2d 375, 376 (1991) (noting that the trial court could enhance the defendant's DUI conviction with a prior uncounseled guilty plea where the defendant was not actually incarcerated). It is the defendant's burden to prove by a preponderance of the evidence that a prior conviction is constitutionally defective or invalid when objecting to the use of the prior conviction to enhance punishment of a subsequent conviction. *State v. Payne,* 332 S.C. 266, 269, 504 S.E.2d 335, 336 (Ct.App.1998).

Sosbee testified at his pre-trial competency hearing that he had a prior conviction for "another sexual thing, but it was with an older woman." Sosbee stated he pleaded guilty to it because he did not know what was going on, he did not have a lawyer, and the State offered him three years probation. Sosbee stated he completed his probationary term. At the sentencing hearing in the present case, Sosbee's attorney objected to the use of this prior sexual assault conviction because it was the result of an uncounseled plea. The trial court denied the motion.

We find no merit to Sosbee's allegations that his prior uncounseled conviction should not have been used for sentence enhancement. Sosbee did not present any evidence that he was actually incarcerated for the prior, uncounseled conviction. The only evidence before the trial court was Sosbee's own testimony that he served only a probationary sentence. Because Sosbee failed to meet his burden of proving the use of his prior, uncounseled plea was unconstitutional and because the record indicates that the prior conviction did not result in imprisonment, we find no error with the trial court's use of the prior conviction for sentence enhancement.

## II.  Amendment of the Indictment

■  Sosbee asserts the trial court only ordered the indictment for criminal sexual conduct with a minor, first degree, to be amended to assault with intent to commit criminal sexual conduct with a minor, first degree, pursuant to sections 16–3–655(1) and 16–3–656.  Because Sosbee's sentencing sheet erroneously indicated that he was charged with assault with intent to commit criminal sexual conduct, first degree, in violation of section 16–3–656 with a CDR code of 0253, and because the heading inaccurately lists a violation of section 16–3–652 (criminal sexual conduct in the first degree) with a CDR code of 160, Sosbee argues the trial court erred in allowing the amendment of the indictment because it amounted to a "bait and switch."  We disagree.

■  "Amendments to an indictment are permissible if:  (1) they do not change the nature of the offense;  (2) the charge is a lesser included offense of the crime charged in the indictment;  or (3) the defendant waives presentment to the grand jury and pleads guilty."  State v. Means, 367 S.C. 374, 385–86, 626 S.E.2d 348, 355 (2006);  S.C.Code Ann. § 17–19–100 (2003) (providing that the trial court may amend the indictment if there is a defect in the indictment or a variance in the charged offense and the proof, as long as the amendment does not change the nature of the offense charged).

■  Sosbee asserts the "erroneous" listing on his sentencing sheet of the criminal sexual conduct offenses that pertain to adults, instead of the offenses that pertain to minors, changed the nature of the offense charged and was an impermissible amendment.[4]  However, it is undisputed that the court ordered the indictment to be amended to assault with intent to commit criminal sexual conduct **with a minor,** first degree.  The court charged the jury on the law of assault with intent to commit criminal sexual conduct with a minor, and the jury found Sosbee guilty of assault with intent to commit

---

4.  Sosbee does not challenge the trial court's order amending the indictment from criminal sexual conduct with a minor, first degree, to assault with intent to commit criminal sexual conduct with a minor.  Thus, the amendment is the law of the case.  State v. Sampson, 317 S.C. 423, 427, 454 S.E.2d 721, 723 (Ct.App.1995) (holding that an unchallenged ruling, right or wrong, is the law of the case).

criminal sexual conduct with a minor. During sentencing, the court specifically indicated Sosbee was being sentenced to life without the possibility of parole for the conviction of assault with intent to commit criminal sexual conduct with a minor, first degree.

Sosbee does not allege that the amendment itself changed the nature of the offense charged. Sosbee's only complaint is with the "erroneous" listing of charges and CDR codes on the sentencing sheet. We agree with the State that the charges and CDR codes listed on the sentencing sheet were scrivener's errors. The sentencing sheet is not part of the indictment and does not affect the nature of the offense charged.

## CONCLUSION

Assault with intent to commit criminal sexual conduct with a minor, like any "attempt" crime listed in section 17–25–45, is a "most serious" offense as defined by statute. Sosbee's prior uncounseled plea resulted in no jail time, so it was appropriate for the trial court to consider the conviction to enhance his punishment to life without the possibility of parole. Finally, we find the erroneous listing of charges and CDR codes on Sosbee's sentencing sheet was a scrivener's error.

Accordingly, the convictions and sentences of Sosbee are

**AFFIRMED.**

GOOLSBY and WILLIAMS, JJ., concur.