THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Randy Drummond, Respondent
 v.
 State of South Carolina, Petitioner
 
 
 

ON WRIT OF CERTIORARI

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge
Memorandum Opinion No.  2007-MO-060
Submitted September 20, 2007  Filed
 October 22, 2007  
REVERSED

 
 
 
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, Assistant Attorney General Karen
 Ratigan, all of Columbia, for Petitioner.
 Deputy
 Chief Attorney Wanda H. Carter, of South Carolina Commission on Indigent
 Defense, Division of Appellate Defense, of Columbia, for Respondent.
 
 
 

JUSTICE
 WALLER: In this
 post-conviction relief (PCR) case, the PCR court vacated respondent Randy
 Drummonds grand larceny conviction and remanded for a new trial.  This Court
 granted the States petition for a writ of certiorari to review the PCR courts
 decision.  We reverse.
FACTS
In November 2004, respondent pled guilty to grand larceny and failure
 to stop for a blue light with great bodily injury.  The trial court accepted
 the plea agreement and sentenced respondent to eight years on each charge,
 concurrent.[1]

 The
 indictment for grand larceny stated the following:
 That [respondent] did in Greenville County, on or about the 23rd day of August, 2003, feloniously take and carry away the personal property of
 Peak Performance of the value of more than One Thousand dollars, described as
 follows:  a Sony flat screen T.V., with intent to deprive the owner permanently
 of such property.  This is in violation of § 16-13-30 of the South Carolina
 Code of Laws (1976) as amended.

The heading
 stated the indictment was for Grand Larceny and no subsection of the statute
 was listed.  Section (B) of the larceny statute defines grand larceny as larceny of goods, chattels, instruments, or other
 personalty valued in excess of one thousand dollars and provides for different sentencing
 depending on the value of the property, as follows:

 Upon conviction, the
 person is guilty of a felony and must be fined in the discretion of the court
 or imprisoned not more than:
 
 (1) five years if the value of the personalty
 is more than one thousand dollars but less than five thousand dollars;
 (2) ten years if the value of the personalty is
 five thousand dollars or more.
 

S.C. Code Ann. § 16-13-30(B)
 (2003) (emphasis added).  
At the plea hearing, counsel informed the trial court that the
 grand larceny charge was for over $5,000.00 worth of property because the
 television was worth $6,000.00.  The trial court stated to both respondent and
 his counsel that the maximum sentence was 10 years.[2]  
As discussed above, the trial court sentenced respondent to eight
 years imprisonment on the grand larceny charge.  The sentencing sheet, however,
 listed section 16-13-30(B)(1) and also stated that respondent pled guilty to
 grand larceny $1000 or more.  
Respondent argued at the PCR hearing that he was erroneously
 sentenced under section 16-13-30(B)(2) because eight years was more than what he
 was indicted for.  Respondents counsel testified that the television was a
 plasma flat screen TV and the State was prepared to present witness testimony
 that its value was over $6,000.  Counsel further stated that respondent was
 fully aware of the value of the TV and they both clearly knew that it was
 over 5,000.   
In the written PCR order granting respondent relief, the PCR court
 noted the sentencing sheet listed section 16-13-30(B)(1) but respondent was
 sentenced under section 16-13-30(B)(2).  Consequently, the PCR court found that
 the grand larceny indictment and sentencing sheet were improper and vacated
 the grand larceny conviction.
DISCUSSION
The State argues the PCR court erred in granting relief to
 respondent because the indictment properly put respondent on notice to what
 charge he was facing, and therefore he was not erroneously sentenced.  We agree.
In a
 PCR proceeding, the applicant bears the burden of establishing that he is
 entitled to relief.  Edwards v. State, 372 S.C. 493, 495, 642 S.E.2d
 738, 739 (2007).  This Court will uphold the findings of the PCR court if there
 is any evidence of probative value to support them.  Cherry v. State,
 300 S.C. 115, 386 S.E.2d 624 (1989).  The Court will reverse the PCR courts
 decision when it is controlled by an error of law.  Pierce v. State, 338
 S.C. 139, 145, 526 S.E.2d 222, 225 (2000).
The
 indictment is the pleading by which the defendant is informed of the fact, and
 the nature and scope, of the accusation.  State v. Gentry, 363 S.C. 93, 102,
 610 S.E.2d 494, 499 (2005) (citations omitted).  Thus, the indictment is a
 notice document.  Id. at 102, 610 S.E.2d at 500.  The Gentry Court further explained that when determining whether an indictment meets
 the sufficiency standard, the court must look at the indictment with a
 practical eye in view of all the surrounding circumstances.  Further, whether
 the indictment could be more definite or certain is irrelevant.  Id. at 103, 610 S.E.2d at 500 (citations omitted).
We find the PCR court erred in granting relief because there was
 nothing about the indictment that was improper.  Clearly, the indictment was sufficient to place
 respondent on notice he was facing a charge of grand larceny since the
 indictment listed the appropriate statutory section for grand larceny and had a
 heading of Grand Larceny.  Moreover, the crime of grand larceny is
 statutorily defined as the taking of property valued at more than one thousand
 dollars, and that is precisely what was written in the indictment.  See § 16-13-30(B).
Additionally,
 the PCR court erred in granting relief based on the sentencing sheet.  The PCR
 court apparently decided that because the sentencing sheet listed section 16-13-30(B)(1), but respondent was sentenced to more
 than five years, respondent was entitled to have the entire charge vacated.  The sentencing sheet, however, is not part of the
 indictment; it simply does not affect the nature of the offense charged.  State
 v. Sosbee, 371 S.C. 104, 113, 637 S.E.2d 571, 575 (Ct. App. 2006).  Thus,
 any scriveners error on the sentencing sheet does not operate to invalidate
 the indictment.  Id.
Accordingly,
 the PCR court erred, as a matter of law, by finding the indictment improper and
 vacating respondents conviction.  Pierce v. State, supra (when
 the PCR courts decision is controlled by an error of law, this Court will
 reverse).
REVERSED.
TOAL,
 C.J., MOORE, PLEICONES and BEATTY, JJ., concur.

[1] The State agreed to dismiss respondents other
 charges for burglary, receiving stolen goods, and possession of a stolen
 vehicle and recommended the eight-year concurrent sentence for the remaining
 two charges.
[2] In addition, it was also discussed at the plea
 hearing that respondent was subject to a three-strikes sentencing provision which
 provides for a maximum ten‑year sentence.  See S.C. Code §
 16-1-57 (2003).