678 S.E.2d 266

**The STATE, Appellant,**

v.

**Eric SPRATT, Respondent.**

**No. 4534.**

Court of Appeals of South Carolina.

April 21, 2009.

Rehearing Denied June 29, 2009.

**GOOLSBY, A.J.**

The State appeals concurrent sentences imposed by the trial court on Eric Spratt following his convictions for trafficking in crack cocaine and for possession of marijuana. The State contends the trial court erred in not permitting an uncounseled 1998 guilty plea to possession of cocaine to be used for sentence enhancement without first determining whether Spratt waived his right to counsel at that time. We agree and remand.

The Sixth and Fourteenth Amendments to the United States Constitution prohibit a prior uncounseled conviction resulting in a sentence of imprisonment from being used to enhance the punishment for a subsequent conviction.[1] In *State v. Payne*, this court concluded the defendant bears the burden of proof when collaterally attacking a prior conviction the State seeks to use for sentence enhancement.[2] This court based its decision, at least in part, on the presumption of regularity given to final judgments.[3] Once the State has proven the prior conviction, the defendant must prove it is constitutionally defective or otherwise invalid by a preponderance of the evidence.[4]

A prior uncounseled conviction is not constitutionally defective or invalid when the defendant knowingly, voluntarily,

---

1. *State v. Payne*, 332 S.C. 266, 269, 504 S.E.2d 335, 336 (Ct.App.1998) *(citing Nichols v. U.S.*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994)).

2. 332 S.C. at 272, 504 S.E.2d at 338.

3. *Id.*

4. *Id.*

and intelligently waived his right to counsel.[5] Further, courts in other jurisdictions have held the trial court may consider prior uncounseled convictions as a basis for sentence enhancement when the defendant validly waived his right to counsel.[6]

■ Here, the trial court did not consider evidence concerning whether Spratt waived his right to counsel during his prior uncounseled guilty plea hearing. In fact, the trial court stated "the issue [is not] whether or not [Spratt waived] his right to counsel. . . . The question is whether or not an uncounseled guilty plea can be used for sentence enhancement purposes."

Accordingly, we reverse and remand this case to the trial court and direct the trial court to reevaluate Spratt's sentence after considering evidence regarding whether Spratt waived his right to counsel during his prior uncounseled guilty plea hearing.

**REVERSED AND REMANDED.**

PIEPER and LOCKEMY, JJ., concur.

---

5.  *See State v. Brewer*, 328 S.C. 117, 119, 492 S.E.2d 97, 98 (1997) ("It is well-established that an accused may waive the right to counsel and proceed pro se."); *Faretta v. California*, 422 U.S. 806, 818–21, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding a defendant has a constitutional right to waive his right to counsel).

6.  *See U.S. v. Jackson*, 57 F.3d 1012, 1019 (11th Cir.1995) (stating convictions obtained after a defendant knowingly, intelligently, and voluntarily waived his right to counsel are not presumptively void and holding the district court did not err in considering Jackson's prior uncounseled conviction as a basis for sentence enhancement because Jackson knowingly, intelligently, and voluntarily waived his right to counsel); *U.S. v. Windle*, 74 F.3d 997, 1001 (10th Cir.1996) (holding the district court properly included three prior uncounseled misdemeanor convictions resulting in imprisonment in its sentencing determination when evidence established the defendant waived his right to counsel for each of the prior convictions); *Garcia v. State*, 909 S.W.2d 563, 566 (Tex.App.1995) (upholding Garcia's felony DWI conviction enhanced by four prior misdemeanor DWI convictions when Garcia failed to meet his burden of proving he did not waive his right to counsel for each of the prior convictions).