**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Eric Spratt, Appellant.

Appellate Case No. 2011-193948

———————————

Appeal From York County
Lee S. Alford, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-186
Submitted April 1, 2013 – Filed May 8, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Salley W. Elliott, both of Columbia, for Respondent.

———————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Sosbee*, 371 S.C. 104, 111, 637 S.E.2d 571, 574 (Ct. App. 2006) ("[A]n uncounseled conviction that does not result in actual imprisonment may be used to enhance a subsequent conviction."); *State v. Wickenhauser*, 309 S.C. 377, 380, 423 S.E.2d 344, 346 (1992) ("[W]hen a defendant is not actually incarcerated on a prior uncounseled conviction, that offense may be used for enhancement."); *id.* at 380, 423 S.E.2d at 346 (holding the sentencing court properly used defendant's prior uncounseled conviction to enhance his punishment for a subsequent offense when the prior sentence was suspended upon probation and defendant was not imprisoned); *State v. Payne*, 332 S.C. 266, 272, 504 S.E.2d 335, 338 (Ct. App. 1998) ("[O]nce the State has proven the prior conviction[,] . . . the defendant has the burden of proving it is constitutionally defective or otherwise invalid by a preponderance of the evidence."); *id.* at 271, 504 S.E.2d at 337 (noting the Due Process Clause does not require a state to adopt one procedure for determining the burden of proof instead of another on the basis that it may produce more favorable results for the defendant).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.