**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Tony Randal Lewis, Appellant.

Appellate Case No. 2016-001407

---

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-199
Submitted April 1, 2018 – Filed May 9, 2018

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brown*, 360 S.C. 581, 586, 602 S.E.2d 392, 395 (2004) (entitling the accused to a directed verdict when the State fails to present evidence

on a material element of the offense charged); S.C. Code Ann. § 23-3-470(A) (Supp. 2017) ("It is the duty of the offender to contact the sheriff in order to register . . . .  If an offender fails to register . . . as required by this article, he must be punished as provided in subsection (B)."); *State v. Scriven*, 339 S.C. 333, 338, 529 S.E.2d 71, 73 (Ct. App. 2000) (determining statutory "provisions for sentence enhancement upon conviction for a second or greater offense . . . are not elements of the offense"); *State v. Spratt*, 383 S.C. 212, 213, 678 S.E.2d 266, 267 (Ct. App. 2009) ("The Sixth and Fourteenth Amendments to the United States Constitution prohibit a prior uncounseled conviction resulting in a sentence of imprisonment from being used to enhance the punishment for a subsequent conviction.").[1]

**AFFIRMED.**[2]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] To the extent Lewis argues the trial court should have remanded his case to the magistrate court, we find this argument unpreserved.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.