**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sherry Ashley McMahan, Appellant.

Appellate Case No. 2019-001156

———————

Appeal From Abbeville County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-062
Submitted January 1, 2022 – Filed February 9, 2022

———————

**AFFIRMED**

———————

Appellate Defender Adam Sinclair Ruffin, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Sherry Ashley McMahan appeals her conviction for driving under the influence (DUI), second offense, and sentence to one year in prison and fine of $3,500, suspended upon service of ninety days' imprisonment and payment

of $1,100. On appeal, McMahan argues the circuit court erred by denying her motion to remand her case to magistrate court because it improperly relied on her 2011 unconstitutional guilty plea to DUI, first offense, to enhance her charge to DUI, second offense. We affirm.

The circuit court did not err by finding McMahan's 2011 uncounseled guilty plea to DUI, first offense, was constitutional because McMahan waived her right to appointed counsel before she entered the plea. Thus, the circuit court did not err by relying on McMahan's 2011 uncounseled guilty plea to enhance her sentence for her 2019 conviction for DUI, second offense, and deny her motion to remand her case to magistrate court. *See State v. Lewis*, 434 S.C. 158, 166, 863 S.E.2d 1, 5 (2021) ("In criminal cases, the appellate court sits to review errors of law only."); *Alabama v. Shelton*, 535 U.S. 654, 658 (2002) (holding counsel must be appointed when an indigent defendant receives a sentence that "may 'end up in the actual deprivation of [the defendant's] liberty'" (quoting *Argersinger v. Hamlin*, 407 U.S. 25, 40 (1972))); S.C. Code Ann. § 56-5-2930(A)(1) (2018) (mandating a conviction for DUI, first offense, "be punished by a fine of one thousand dollars or imprisonment for not less than thirty days nor more than ninety days"); *State v. McAbee*, 220 S.C. 272, 275, 67 S.E.2d 417, 418 (1951) (explaining the regularity of prior proceedings is presumed absent evidence to the contrary); *State v. Payne*, 332 S.C. 266, 272, 504 S.E.2d 335, 338 (Ct. App. 1998) ("[T]he defendant has the burden of proving [a prior, uncounseled conviction was] constitutionally defective or otherwise invalid . . . ."); *State v. Spratt*, 383 S.C. 212, 213-14, 678 S.E.2d 266, 267 (Ct. App. 2009) ("A prior uncounseled conviction is not constitutionally defective or invalid when the defendant knowingly, voluntarily, and intelligently waived his right to counsel."); *Payne*, 332 S.C. at 272, 504 S.E.2d at 338 (affirming a sentence enhancement for a subsequent conviction because the defendant failed to prove his prior uncounseled conviction was constitutionally defective); S.C. Code Ann. § 56-5-2930(K) (2018) (indicating an indictment for DUI, second offense, must be tried in circuit court).

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.