611 S.E.2d 232

**Luke A. WILLIAMS, III, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25950.**

Supreme Court of South Carolina.

Submitted Feb. 16, 2005.
Decided March 14, 2005.
Rehearing Denied April 20, 2005.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Derrick K. McFarland, all of Columbia, for Petitioner.

David I. Bruck and Robert Edward Lominack, both of Columbia, for Respondent.

PER CURIAM:

▉ We granted certiorari to review a post-conviction relief (PCR) order granting respondent a new capital sentencing proceeding, finding his trial counsel was ineffective in failing to request a "plain and ordinary" meaning jury charge.[1] We find that counsel's performance was deficient, but that there is no evidence of resulting prejudice. We therefore reverse the PCR order.

## FACTS

Respondent was convicted of murdering his wife and his son and received two death sentences. His direct appeal was affirmed. *State v. Williams,* 321 S.C. 327, 468 S.E.2d 626 (1996). At the PCR hearing, trial counsel acknowledged that there was no strategic or tactical reason why he failed to request a "plain meaning" charge. The PCR judge granted relief, and the State sought a writ of certiorari to review that decision.

## ISSUE

Whether there is any evidence in the record to support the PCR judge's finding that respondent received ineffective assistance of counsel in the sentencing phase of his capital trial?

## ANALYSIS

▉ A PCR applicant claiming trial counsel rendered ineffective assistance must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sellers v. State,* 362 S.C. 182, 607 S.E.2d 82 (2005). In other words, the applicant must establish both error and prejudice. *Id.* On appellate review, this Court

---

1. It is well settled that a capital defendant is entitled upon request to a jury charge in the sentencing phase of his trial that the term life imprisonment is to be understood in its plain and ordinary meaning. *See Southerland v. State,* 337 S.C. 610, 524 S.E.2d 833 (1999) (reviewing the history of the "plain meaning" charge).

will uphold the PCR judge's findings of fact and conclusions of law if there is any evidence of probative value in the record to support them. *Id.*

The PCR judge found that trial counsel's testimony established the error prong of the ineffective assistance test. We agree. He found resulting prejudice from the failure to give "the plain meaning" charge because:

1) respondent had no prior criminal record;

2) respondent had been out on bond prior to the trial and remained out until the guilty verdicts were returned; and

3) the penalty phase evidence was predominately circumstantial, far from overwhelming, and the State had primarily relied on this weak evidence in aggravation during the penalty phase.

We disagree.

We have carefully considered whether the record supports the PCR judge's conclusion that respondent was prejudiced by the lack of a plain meaning charge, and conclude it does not. While the factors cited by the PCR judge might support a prejudice finding in some cases, they do not in the context of this case. The evidence, albeit circumstantial, showed that respondent and his wife were experiencing significant marital problems and financial difficulties, and had in fact declared bankruptcy and seen foreclosure proceedings initiated against their marital home. In May 1991, respondent substantially increased life insurance benefits on his wife and child, naming himself as beneficiary. He also forged wife's signature on an automobile insurance form in the course of increasing that coverage. On June 19, the bodies of respondent's wife and son were found in the family car, which had been partially burned. The wife had died of blunt head trauma consistent with that inflicted by a human fist, and son had been strangled. Respondent had hand injuries consistent with beating, and told others the causes of death prior to receiving autopsy results.

We do not agree with the PCR judge's characterization of the evidence of respondent's guilt as weak. Further, the evidence demonstrated that respondent's motives were financial gain and the elimination of his domestic problems. Having achieved what he set out to accomplish, it is not surprising

or meaningful that respondent met the obligations of his bond. Further, given the nature of these crimes, we find the fact that he had no prior criminal record irrelevant to the question whether he was prejudiced by the lack of a "plain meaning" charge.

The jury, by its guilty verdicts, found respondent planned in cold blood the deaths of his child and his wife, making arrangements to benefit financially. Further, the "plain meaning" charge evolved from the Court's concern that capital juries were speculating about parole eligibility. *See Southerland v. State*, footnote 1, *supra*. There is nothing in this record to indicate that the jurors in respondent's capital trial were concerned with parole eligibility, or confused about the meaning of a life sentence. We hold there is no evidence in the record to support the PCR judge's conclusion that respondent was prejudiced by trial counsel's deficient performance, that is, that had the jury been given a "plain meaning" charge there is a reasonable possibility that it would have returned two life sentences. *Sellers v. State, supra.*

### CONCLUSION

Finding no evidence to support the PCR judge's conclusion that respondent was prejudiced by the lack of a "plain meaning" charge, the order granting respondent a new sentencing proceeding is

REVERSED.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.