**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Frederick Robert Chappell, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-000283

———————————

**ON WRIT OF CERTIORARI**

———————————

Appeal from Greenville County
Perry H. Gravely, Post-Conviction Relief Court Judge

———————————

Opinion No. 5704
Heard November 5, 2019 – Filed December 31, 2019

———————————

**REVERSED**

———————————

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Taylor Zane Smith, of Columbia, for
Respondent.

———————————

**THOMAS, J.:** Petitioner Frederick Robert Chappell appeals the dismissal of his
post-conviction relief (PCR) application, arguing the PCR court erred in denying
his claim for ineffective assistance of counsel because his trial counsel did not

object when the State's expert witness gave improper bolstering testimony.  We reverse.

## FACTS AND PROCEDURAL HISTORY

On December 14, 2010, a Greenville County Grand Jury indicted Chappell for first-degree criminal sexual conduct with a minor and lewd act upon a child, and the State called the case to trial in August 2012.  On August 7, 2012, after a two-day trial, the jury convicted Chappell of both counts, and the trial court sentenced him to life in prison.[1]  Chappell appealed, arguing this court should reverse his convictions because the State's expert witness gave improper vouching testimony. However, in June 2014, this court affirmed Chappell's convictions and held that Chappell's improper vouching claim was not preserved for review.  *State v. Chappell*, Op. No. 2014-UP-272 (S.C. Ct. App. filed June 30, 2014).

On November 5, 2014, Chappell filed a PCR application, claiming he received ineffective assistance of counsel because his trial counsel failed to object when the State's expert gave improper bolstering testimony.  The PCR court held an evidentiary hearing on December 17, 2015.  In an order dated January 21, 2016, the PCR court dismissed Chappell's application, finding the State's expert did not make any improper vouching statements.  In May 2018, this court granted a writ of certiorari to review the PCR court's ruling.

At trial, the nine-year-old victim testified her grandmother's former boyfriend, Chappell, had sexually abused her several times when she and her siblings visited her grandmother's home.[2]  She alleged that Chappell touched her "private" and "bottom" with his hands and mouth and sometimes forced her to touch his "private."  After the victim testified, the jury watched video of a forensic interview in which the victim described the abuse and identified Chappell as the perpetrator.

The court then held a hearing to determine the admissibility of testimony from the State's expert witness, Ms. Shauna Galloway-Williams.  During voir dire, Galloway-Williams testified that she had never interviewed the victim and had not seen the video of the victim's forensic interview.  Over trial counsel's objection, the

---

[1] The trial court sentenced Chappell to life imprisonment for the first-degree criminal sexual conduct with a minor and a concurrent term of fifteen years' imprisonment for the lewd act upon a child.

[2] The victim disclosed the sexual abuse in March 2010.  She was seven years old.

court qualified Galloway-Williams as an expert in child sexual abuse and treatment.

On direct examination, Galloway-Williams testified to why children who are victims of sexual abuse might not report the abuse right away. Then, without objection from trial counsel, the following exchange occurred between the prosecutor and Galloway-Williams:

> Q: . . . Do children lie?
>
> A: Yes.
>
> Q: Okay. Do children lie about things like – of a sexual nature or abuse? And can you tell us the dynamics of lying and sexual abuse?
>
> A: Children lie. Adults lie. But children are not sophisticated liars. And what I mean by that is they really – you know, children, generally, lie to keep themselves out of trouble, you know. If you ask them if they ate the cookie and they have crumbs on their face, and they say, no, I didn't eat the cookie, that kind of lie.
>
> Children don't often lie about sexual abuse incidents. They don't often lie about things that are beyond their real scope of knowledge.

Chappell argues his trial counsel was ineffective for failing to object when Galloway-Williams improperly bolstered the victim's credibility by testifying, "Children don't often lie about sexual abuse incidents."

**STANDARD OF REVIEW**

PCR applicants have the burden of proving their allegations by a preponderance of the evidence. *Tappeiner v. State*, 416 S.C. 239, 248, 785 S.E.2d 471, 476 (2016). "[T]his [c]ourt will uphold the PCR court's factual findings if there is any evidence of probative value in the record to support them." *Thompson v. State*, 423 S.C. 235, 239, 814 S.E.2d 487, 489 (2018), *reh'g denied*, (June 12, 2018). This court reviews questions of law de novo and will reverse if the PCR court's decision is controlled by an error of law. *Smalls v. State*, 422 S.C. 174, 180–81, 810 S.E.2d 836, 839 (2018), *reh'g denied*, (March 29, 2018).

**INEFFECTIVE ASSISTANCE OF COUNSEL**

When reviewing a claim for ineffective assistance of counsel, the "court proceeds from the rebuttable presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). To rebut this presumption and succeed on an ineffective assistance claim, a PCR applicant must show (1) trial counsel's performance was deficient, and (2) trial counsel's deficient performance prejudiced the outcome of the trial. *Strickland*, 466 U.S. at 687.

**A. Deficient Performance**

Chappell argues his trial counsel's performance was deficient because she did not object to improper bolstering testimony. "To prove trial counsel's performance was deficient, a[] [PCR] applicant must show '[trial] counsel's representation fell below an objective standard of reasonableness.'" *Smalls*, 422 S.C. at 181, 810 S.E.2d at 840 (quoting *Williams v. State*, 363 S.C. 341, 343, 611 S.E.2d 232, 233 (2005)). Thus, this court will find trial counsel's failure to object was deficient performance only if it was unreasonable under the prevailing professional norms at the time of trial. *Strickland*, 466 U.S. at 688.

**1. Improper Bolstering Testimony**

The PCR court found Galloway-Williams' testimony did not contain any vouching statements. Chappell argues Galloway-Williams improperly vouched for and bolstered the victim's credibility by testifying, "Children don't often lie about sexual abuse incidents." We agree with Chappell.

"The assessment of witness credibility is within the exclusive province of the jury." *State v. McKerley*, 397 S.C. 461, 464, 725 S.E.2d 139, 141 (Ct. App. 2012). Therefore, "even though experts are permitted to give an opinion, they may not offer an opinion regarding the credibility of others." *State v. Kromah*, 401 S.C. 340, 358, 737 S.E.2d 490, 499 (2013). Moreover, a witness "may not . . . give testimony that improperly bolsters the credibility of the victim." *Briggs v. State*, 421 S.C. 316, 323, 806 S.E.2d 713, 717 (2017).

Improper bolstering is "testimony that indicates the witness believes the victim, but does not serve some other valid purpose." *Id.* at 325, 806 S.E.2d at 718. Improper bolstering also occurs when a witness testifies for the purpose of informing the jury that the witness believes the victim, or when there is no other way to interpret the

testimony other than to mean the witness believes the victim is telling the truth. *Id.* at 324, 806 S.E.2d at 717; *State v. Jennings*, 394 S.C. 473, 480, 716 S.E.2d 91, 94 (2011); *McKerley*, 397 S.C. at 465, 725 S.E.2d at 142. However, an expert's testimony is not improper bolstering "when the expert witness gives no indication about the victim's veracity . . . ." *State v. Perry*, 420 S.C. 643, 663, 803 S.E.2d 899, 910 (Ct. App. 2017), *cert. granted*, (April 19, 2018).

In support of his ineffective assistance claim, Chappell cites several improper bolstering cases involving a witness who interviewed or treated the victim before trial. *See State v. Chavis*, 412 S.C. 101, 108, 771 S.E.2d 336, 340 (2015) (finding a forensic interviewer improperly bolstered the victim's credibility when she testified that she recommended the defendant not be allowed around the victim); *Kromah*, 401 S.C. at 359, 737 S.E.2d at 500 (stating a forensic interviewer's testimony her interview with the victim led to a "compelling finding" of abuse was improper bolstering because it was equivalent to stating the victim was telling the truth); *Jennings*, 394 S.C. at 480, 716 S.E.2d at 94 (finding a forensic interviewer improperly bolstered the victim's credibility by noting in her report that the victims "provide[d] a compelling disclosure of abuse . . ."); *Smith*, 386 S.C. at 564, 568, 689 S.E.2d at 631, 633 (stating a forensic interviewer improperly bolstered the victim's credibility by testifying that the victim was believable and had no reason to lie); *State v. Dawkins*, 297 S.C. 386, 393–94, 377 S.E.2d 298, 302 (1989) (stating the victim's treating psychiatrist improperly bolstered the victim's credibility by testifying that the victim's symptoms were genuine); *State v. Dempsey*, 340 S.C. 565, 569–71, 532 S.E.2d 306, 308–09 (Ct. App. 2000) (finding the victim's counselor improperly vouched for the victim's credibility by testifying that ninety-five to ninety-nine percent of allegations of child sexual abuse are true). Although we find these cases informative, we note that Galloway-Williams was an independent expert who had no contact with the victim before trial.

This court first considered whether an independent expert's testimony was improper bolstering in *State v. Brown*, 411 S.C. 332, 768 S.E.2d 246 (Ct. App. 2015), *abrogated on other grounds by State v. Jones*, 423 S.C. 631, 817 S.E.2d 268 (2018). There, the independent expert testified regarding the general behavioral characteristics of child sexual abuse victims. *Id.* at 345, 768 S.E.2d at 253. The court held there was no improper bolstering testimony because the independent expert "(1) [did] not testify[] as a forensic interviewer, (2) never interviewed the victims, (3) did not prepare a report for her testimony, (4) did not express an opinion or belief regarding the credibility of child sex[ual] abuse victims' allegations, and (5) did not express an opinion regarding the credibility of the minor victims in th[e] case." *Id.* at 345, 768 S.E.2d at 252–53.

Later, in *State v. Anderson*, the supreme court warned that the State "runs the risk that the expert will vouch for the alleged victim's credibility" when it calls an expert who interviewed or treated the victim before trial. 413 S.C. 212, 218–19, 776 S.E.2d 76, 79 (2015). The court advised, "[t]he better practice[] . . . is . . . to call an independent expert." *Id*. at 218, 776 S.E.2d at 79.

Since *Brown* and *Anderson*, our supreme court has considered whether the testimony of an independent expert was improper bolstering and held that an independent expert does not improperly bolster the victim's credibility by testifying to only general behavioral characteristics of child sexual abuse victims. *See State v. Cartwright*, 425 S.C. 81, 96–97, 819 S.E.2d 756, 764 (2018) (finding the independent expert's testimony was not improper bolstering because she testified in general terms and "never interviewed the victims and never stated she believed the victims were telling the truth"); *Jones*, 423 S.C. at 637 n.2, 817 S.E.2d at 271 n.2 (finding the independent expert's testimony was not improper bolstering because she gave only "generalized testimony" and did not "evaluate or interview the victims").

As an initial matter, we disagree with the State's claim that Galloway-Williams' testimony was not improper bolstering simply because she was an independent expert. Instead, the testimony of an independent expert, like the testimony of any witness, is improper bolstering if (1) the witness directly states an opinion about the victim's credibility, (2) the sole purpose of the testimony is to convey the witness's opinion about the victim's credibility, or (3) there is no way to interpret the testimony other than to mean the witness believes the victim is telling the truth. *Briggs*, 421 S.C. at 325, 806 S.E.2d at 718; *Jennings*, 394 S.C. at 480, 716 S.E.2d at 94; *McKerley*, 397 S.C. at 465, 725 S.E.2d at 142.

The State also argues Galloway-Williams' testimony was not improper bolstering because she did not indicate that the victim was telling the truth and gave only general testimony about the behavior of child sexual abuse victims. We disagree.

We note that much of Galloway-Williams' testimony was proper general behavioral testimony necessary to explain the often unexpected behavior of child sexual abuse victims. *See, e.g.*, *Jones*, 423 S.C. at 636, 817 S.E.2d at 271 ("[T]he law in South Carolina is settled: behavioral characteristics of sex[ual] abuse victims is an area of specialized knowledge where expert testimony may be utilized."). We find, however, that Galloway-Williams improperly commented on the victim's credibility when she testified, "Children don't often lie about sexual abuse incidents," because a comment on the credibility of a class of persons to

which the victim belongs is a comment on the credibility of the victim. *See Wiseman v. State*, 394 S.W.3d 582, 586–87 (Tex. App. 2012) ("An expert who testifies that a class of persons to which the victim belongs is truthful is essentially telling the jury that they can believe the victim in the instant case as well." (quoting *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993) (en banc))); *id.* at 586 ("[It] is settled that an expert cannot give an opinion as to whether a person—or a class of persons to which the [victim] belongs—is truthful." ).

Galloway-Williams' statement not only had the effect of improperly bolstering the victim's credibility; it also improperly invaded the province of the jury to determine the only issue in this case: whether Chappell sexually abused the victim. *See McKerley*, 397 S.C. at 464, 725 S.E.2d at 141 ("The assessment of witness credibility is within the exclusive province of the jury."). Further, the State offered no permissible purpose for this testimony, and we see none. Thus, we find Galloway-Williams' statement cannot reasonably be interpreted to have served any purpose other than to improperly bolster the victim's credibility. *Briggs*, 421 S.C. at 325, 806 S.E.2d at 718 (stating improper bolstering testimony "indicates the witness believes the victim, but does not serve some other valid purpose"). Accordingly, we find the PCR court erred in finding Galloway-Williams' testimony contained no vouching statements.

The dissent would affirm Chappell's conviction because it would find that Galloway-Williams' statement was proper testimony regarding a general behavioral characteristic of child sexual abuse victims. But the practical result of Galloway-Williams' statement that "Children don't often lie about sexual abuse incidents" was to convey to the jury that the victim's allegations must be true and to encourage the jury to supplant their own credibility determination with that of Galloway-Williams. Both results are impermissible; thus, the statement was improper.

## 2. Law at the Time of Trial

The State alternatively argues that under the law existing at the time of trial, Chappell's trial counsel could not have known to object to Galloway-Williams' statement as improper bolstering. We disagree.

For an ineffective assistance claim, the PCR court must "determine whether counsel was ineffective *at the time of the alleged error*." *Pantovich v. State*, 427 S.C. 555, 562–63, 832 S.E.2d 596, 600 (2019), *reh'g denied*, (September 27, 2019). Thus, the court must consider the law as it existed at the time of trial and

"not as it has evolved today . . . ." *Id.* at 564, 832 S.E.2d at 601. Accordingly, trial counsel will not be found deficient for failing "to be clairvoyant or anticipate changes in the law . . . ." *Gilmore v. State*, 314 S.C. 453, 457, 445 S.E.2d 454, 456 (1994), *overruled on other grounds by Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999).

Chappell's trial was held in August 2012. At that time, our courts had not yet considered an improper bolstering case involving an independent expert. But as the State conceded at oral argument, in 2015, when this court decided the first improper bolstering case involving an independent expert, the court did not establish a new legal principle or change the existing law.[3] *See Brown*, 411 S.C. at 332, 768 S.E.2d at 246. Instead, the *Brown* court applied the existing law to a new set of facts. Accordingly, we find the law at the time of Chappell's trial indicated an independent expert, like any other witness, may not testify whether another witness is telling the truth. *See McKerley*, 397 S.C. at 464, 725 S.E.2d at 141 ("[W]itnesses are generally not allowed to testify whether another witness is telling the truth."); *see also Briggs*, 421 S.C. at 324, 806 S.E.2d at 717 ("[A] witness may not give an opinion for the purpose of conveying to the jury . . . that [the witness] believes the victim."); *Jennings*, 394 S.C. at 480, 716 S.E.2d at 94 ("For an expert to comment on the veracity of a child's accusations of sexual abuse is improper."); *McKerley*, 397 S.C. at 464, 725 S.E.2d at 141 ("The assessment of witness credibility is within the exclusive province of the jury."); *State v. Hill*, 394 S.C. 280, 294, 715 S.E.2d 368, 376 (Ct. App. 2011), *overruled on other grounds by State v. Stukes*, 416 S.C. 493, 787 S.E.2d 480 (2016) ("The law is clear that it is improper for a witness to give testimony as to his or her opinion about the credibility of a child victim in a sexual abuse matter."). Thus, Chappell's trial counsel should have known to object when Galloway-Williams testified, "Children don't often lie about sexual abuse incidents." Accordingly, we find the PCR court erred in finding Chappell's trial counsel was not deficient for failing to object.

## B.  Prejudice

Chappell argues he was prejudiced by trial counsel's failure to object to improper bolstering testimony because the outcome of his trial hinged on the jury's assessment of the victim's credibility. We agree.

---

[3] At oral argument, the State asserted, "The *Brown* case [wa]s not necessarily a change in law as much as it [wa]s an application of the vouching line of cases to a new factual situation."

In an ineffective assistance case, "trial counsel's deficient failure to object to [improper bolstering] testimony does not remove a[] [PCR] applicant's burden to prove prejudice." *Thompson*, 423 S.C. at 246, 814 S.E.2d at 492. To establish prejudice, a PCR applicant must show "there is a reasonable probability that, but for [trial] counsel's [deficient performance], the result of the trial would have been different." *Ard v. Catoe*, 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"The determination whether a bolstering error [prejudiced the outcome of a trial] depends on whether the case turn[ed] on the credibility of the victim." *Chavis*, 412 S.C. at 110, 771 S.E.2d at 341. The outcome of a trial turns on the credibility of the victim when the State presents no physical evidence or "relie[s] solely upon the victim's testimony to establish the details of the crime . . . ." *Thompson*, 423 S.C. at 248, 814 S.E.2d at 494; *see also Gilchrist v. State*, 350 S.C. 221, 228, 565 S.E.2d 281, 285 (2002) (finding a PCR applicant was prejudiced by improper bolstering testimony because "believing [the bolstered witness] was the only way the jury could convict . . . .").

Here, we find the outcome of Chappell's trial hinged on the jury's assessment of the victim's credibility because the State presented no physical evidence, and the only evidence against Chappell was the victim's uncorroborated testimony. *See Gilchrist*, 350 S.C. at 228, 565 S.E.2d at 285 (stating the witness's credibility was essential to the decision to convict because the witness's testimony was the only evidence of guilt). Because the outcome hinged on the victim's credibility, we find there is a reasonable probability that the outcome of Chappell's trial would have been different had trial counsel objected when Galloway-Williams improperly bolstered the victim's credibility.

The dissent states that even if Galloway-Williams' statement that "Children don't often lie about sexual abuse incidents" was improper bolstering, it would find Chappell failed to show the outcome of his trial would have been different had trial counsel objected. However, our courts have found improper bolstering testimony was prejudicial in every South Carolina case in which the State presented no physical evidence of the defendant's guilt or relied solely on the victim's testimony to establish the details of the crime. *See Thompson*, 423 S.C. at 249, 814 S.E.2d at 494 (stating the PCR applicant was prejudiced by improper bolstering because the outcome of the trial "hinged on [the] [v]ictim's credibility, and there was otherwise an absence of overwhelming evidence of [the applicant]'s guilt"); *Briggs*, 421 S.C. at 333–34, 806 S.E.2d at 722–23 (finding improper bolstering testimony prejudiced

the PCR applicant's trial because there was no physical evidence any sexual abuse occurred); *Anderson*, 413 S.C. at 219–21, 776 S.E.2d at 79–81 (finding improper bolstering testimony constituted reversible error because the trial turned solely on the credibility of the victim and there was no physical evidence of abuse); *Jennings*, 394 S.C. at 480, 716 S.E.2d at 95 ("Because the children's credibility was the most critical determination of this case, we find the admission of the [forensic interviewer's] written reports was not harmless."); *Smith*, 386 S.C. at 569, 689 S.E.2d at 633 (finding the PCR applicant was prejudiced by improper bolstering testimony because "the outcome of the case hinged on the [v]ictim's credibility regarding identification of the perpetrator, and there was otherwise an absence of overwhelming evidence of [] guilt."); *Gilchrist*, 350 S.C. at 228, 565 S.E.2d at 285 (finding a PCR applicant was prejudiced by improper bolstering testimony because "believing [the bolstered witness] was the only way the jury could convict . . ."); *State v. Barrett*, 299 S.C. 485, 487, 386 S.E.2d 242, 243 (1989) (finding the admission of improper bolstering testimony mandated reversal because "the State relied solely upon [the] [v]ictim's testimony to establish the details of the crime and the identity of the perpetrator"). We see no reason to depart from those rulings.

## CONCLUSION

For the foregoing reasons, we find evidence does not support the PCR court's dismissal of Chappell's PCR application. We reverse and remand for a new trial.

**REVERSED.**

**GEATHERS, J., concurs.**

**SHORT, J., dissenting:** Respectfully, I dissent and would affirm the PCR court. First, I find the State's independent expert's statements were not comments on the victim's credibility but were statements regarding a general behavioral characteristic of child sexual abuse victims; thus, there was no bolstering. Even if the comments were bolstering, I find Chappell has failed to establish the prejudice necessary for relief in a PCR action, which requires a showing that the result of the trial would have been different. In this case, although there was no physical evidence of abuse, the State produced a forensic video interview of the victim, the victim's own testimony before the jury, and the mother's testimony. In my view, the jury would have reached the same conclusion with or without the expert's statements. Thus, Chappell is unable to establish prejudice. I would affirm.