**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eric Antonio Spratt, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-001346

———————

Appeal From York County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-292
Submitted March 1, 2020 – Filed October 14, 2020

———————

**AFFIRMED IN RESULT**

———————

Appellate Defender Taylor Davis Gilliam, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Brianna Lynn Schill, both of Columbia, for Respondent.

———————

**PER CURIAM:** Eric Antonio Spratt appeals the denial of his application for post-conviction relief (PCR), arguing the PCR court erred in declining to find his sentencing counsel ineffective for failing to argue to the sentencing court on remand that in 1998, South Carolina did not recognize the right to appointed

counsel for an individual accused of a misdemeanor that did not result in the immediate deprivation of his liberty. Spratt argues as a result of this failure, any *Faretta*[1] warnings provided during his 1998 guilty plea to the misdemeanor of possession of crack cocaine would not have informed him that he could have counsel appointed. We affirm in result.

**FACTS/PROCEDURAL HISTORY**

In 1998, Spratt, who was not represented by counsel, pled guilty to possession of crack cocaine (the 1998 Plea). He was sentenced to five years' imprisonment and a $5,000 fine suspended upon three years' probation. The next year, Spratt pled guilty to possession with intent to distribute crack cocaine, and he was sentenced to four years' imprisonment. At that time, his probation from the 1998 Plea was revoked for six months, and he was incarcerated, with his probation to continue upon his release.

In 2006, Spratt, who was represented by counsel, was tried in absentia and found guilty of trafficking in ice, crank, or crack cocaine and possession of marijuana (collectively, the 2006 Conviction), and his sentence was sealed. In 2007, Spratt appeared before the sentencing court, and the court unsealed his sentence of thirty years' imprisonment for the 2006 Conviction. Spratt immediately moved for reconsideration of his sentence, arguing the 2006 Conviction should not be treated as a third offense. The sentencing court granted the motion and reduced Spratt's sentence to ten years' imprisonment, finding the 2006 Conviction was Spratt's second offense. The State appealed, and this court reversed and remanded the case to the sentencing court to reevaluate Spratt's sentence after considering evidence regarding whether he waived his right to counsel during the 1998 Plea. *See State v. Spratt*, 383 S.C. 212, 214, 678 S.E.2d 266, 267 (Ct. App. 2009). Spratt filed a petition for a writ of certiorari with our supreme court, which was granted but ultimately dismissed as improvidently granted. *See State v. Spratt*, Op. No. 2011-MO-005 (S.C. Sup. Ct. filed Jan. 31, 2011).

A hearing was held consistent with the remand from this court. The sentencing court on remand (the Remand Court) found Spratt failed to meet his burden of proving he was not advised of and did not waive the right to counsel at the 1998 Plea. Thus, the Remand Court used the 1998 Plea to enhance the 2006 Conviction

---

[1] *Faretta v. California*, 422 U.S. 806 (1975) (providing that to establish a valid waiver of counsel, an accused must be advised of his right to counsel and adequately warned of the dangers of self-representation).

from a second offense to a third offense and sentenced Spratt to twenty-five years' imprisonment with credit for time served. Spratt appealed, and this court affirmed. *See State v. Spratt*, Op. No. 2013-UP-186 (S.C. Ct. App. filed May 8, 2013).

Spratt filed a PCR application, alleging ineffective assistance of counsel. A hearing was held, and Spratt argued his sentencing counsel was ineffective because she did not properly present the issue of waiver of counsel to the Remand Court. Specifically, Spratt argued sentencing counsel should have argued that he could not have waived his right to counsel at the 1998 Plea because he did not possess such a right at that time. The PCR court denied Spratt's PCR application by an order of dismissal, which highlighted that the Remand Court specifically found that Spratt was advised of his right to counsel and waived that right prior to accepting the 1998 Plea. The PCR court noted that although appointed counsel may not have been required at the time of the 1998 Plea, nothing prohibited appointing counsel for an indigent defendant. The PCR court also indicated Spratt possessed the right to counsel at the time of the 1998 Plea as a result of the Sixth and Fourteenth Amendments and *Gideon v. Wainright*.[2] Spratt filed a motion to alter or amend the PCR court's order, which the PCR court denied. Spratt then filed a petition for a writ of certiorari, which this court granted by order filed September 10, 2018.

**STANDARD OF REVIEW**

"In PCR actions, this [c]ourt will uphold the lower court's findings if there is any evidence of probative value to support them." *Milledge v. State*, 422 S.C. 366, 374, 811 S.E.2d 796, 800 (2018). However, this court reviews "questions of law de novo, with no deference to [PCR] courts." *Smalls v. State*, 422 S.C. 174, 180–81, 810 S.E.2d 836, 839 (2018). "Whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which appellate courts review de novo." *State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 490 (2018). "In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008).

**LAW/ANALYSIS**

---

[2] 372 U.S. 335 (1963) (providing the Sixth Amendment right to appointed counsel is applicable to indigent defendants in state court).

Spratt argues the PCR court erred in declining to find his sentencing counsel ineffective for failing to argue to the Remand Court that in 1998, South Carolina did not recognize the right of an accused to be represented by appointed counsel in misdemeanor cases that did not result in the immediate deprivation of a person's liberty. Spratt argues as a result of this failure, any *Faretta* warnings provided during the 1998 Plea to a misdemeanor would not have informed him he could have counsel appointed. We disagree.

To prevail on a claim for ineffective assistance of counsel, a PCR applicant must prove "(1) counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different." *Williams v. State*, 363 S.C. 341, 343, 611 S.E.2d 232, 233 (2005) (per curiam). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

The Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." "The Sixth Amendment right to counsel attaches when adversarial judicial proceedings have been initiated and at all critical stages." *State v. George*, 323 S.C. 496, 508, 476 S.E.2d 903, 911 (1996). In *Gideon*, the Supreme Court noted it had construed the Sixth Amendment "to mean that in federal courts counsel must be provided for defendants unable to employ counsel unless the right is competently and intelligently waived." 372 U.S. at 339–40. The court in *Gideon* extended that right to indigent defendants in state courts through the Fourteenth Amendment. *Id*. at 340–45. Thus, *Gideon* established "an affirmative right to counsel in all felony cases." *O'Dell v. Netherland*, 521 U.S. 151, 167 (1997). The Supreme Court "clarified the scope of that right in *Argersinger*,[3] holding that an indigent defendant must be offered counsel in any *misdemeanor* case 'that actually leads to imprisonment.'" *Alabama v. Shelton*, 535 U.S. 654, 661 (2002) (quoting *Argersinger*, 407 U.S. at 33 (emphasis added)); *see also United States v. Downin*, 884 F.Supp. 1474, 1477 (E.D. Cal. 1995) (stating the Sixth Amendment guarantees the right to counsel in criminal proceedings but citing to *Argersinger* to note the Supreme Court has held that right is limited in state misdemeanor cases). "To establish a valid waiver of counsel, *Faretta* requires the accused to be: (1) advised of his right to counsel; and (2) adequately

---

[3] *Argersinger v. Hamlin*, 407 U.S. 25 (1972).

warned of the dangers of self-representation."  *Prince v. State*, 301 S.C. 422, 423–24, 392 S.E.2d 462, 463 (1990).

Before *Alabama v. Shelton* was decided, courts were divided as to whether the appointment of counsel was a constitutional prerequisite to the imposition of a conditional or suspended prison sentence for *misdemeanor* convictions.  535 U.S. at 657–58.  Thus, in *Shelton*, the Supreme Court clarified the right to counsel for an indigent defendant charged with a misdemeanor and held that when a suspended sentence could result in a defendant's imprisonment, such a sentence cannot be imposed unless the defendant is given the right to counsel.  *Id*. at 657–58.  The Supreme Court differentiated that issue from cases in which the sentences imposed "were for *felony* convictions . . . for which the right to counsel is unquestioned."  *Id*. at 664 (emphasis added).

Spratt cites to *Shelton* and our supreme court's retroactive application of *Shelton* in *Talley v. State*[4] to support his argument that his sentencing counsel was deficient because she did not argue to the Remand Court that during the 1998 Plea, he did not have the right to representation by appointed counsel, and thus, any *Faretta* warnings given at that time would not have adequately explained such a right. However, those cases extended rights already applicable to defendants charged with felonies to those charged with misdemeanors, and at the time of Spratt's 1998 Plea, the offense of possession of crack cocaine was classified as a felony, not a misdemeanor.  *See* S.C. Code Ann. § 44-53-375(A) (Supp. 1995) ("A person possessing . . . less than one gram of ice, crank, or crack cocaine . . . is guilty of a felony . . . .").[5]  Thus, at the time of his 1998 Plea, Spratt had the right to appointed counsel.  *See Gideon*, 372 U.S. at 340–45 (extending the right of indigent defendants to have appointed counsel in state court proceedings); *O'Dell*, 521 U.S. at 167 (finding *Gideon* established "an affirmative right to counsel in all felony cases"); *Nichols v. United States*, 511 U.S. 738, 743 n.9 (1994) ("In felony cases, in contrast to misdemeanor charges, the Constitution requires that an indigent defendant be offered appointed counsel unless that right is intelligently and competently waived.").  Because Spratt had the right to appointed counsel at the time of the 1998 Plea, we find his argument that his sentencing counsel was deficient for failing to argue to the contrary is without merit.  Therefore, we find (1) Spratt's counsel's conduct did not fall below an objective standard of

---

[4] 371 S.C. 535, 640 S.E.2d 878 (2007).

[5] Possession of crack cocaine was reclassified as a misdemeanor in 2005.  *See* S.C. Code Ann. § 44-53-375(A) (Supp. 2015) ("A person possessing less than one gram of . . . cocaine base . . . is guilty of a misdemeanor . . . .").

reasonableness and (2) Spratt did not prove there was a reasonable probability that sentencing counsel arguing to the contrary would have had a reasonable probability of changing the outcome of the proceeding.[6] *See Williams*, 363 S.C. at 343, 611 S.E.2d at 233 ("A PCR applicant claiming trial counsel rendered ineffective assistance must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's error, there is a reasonable probability the outcome of the proceeding would have been different."). Based on the foregoing, we find Spratt failed to prove his counsel was ineffective, and we affirm in result based on our de novo review. *See Smalls*, 422 S.C. at 180–81, 810 S.E.2d at 839 (providing in PCR matters, this court reviews "questions of law de novo, with no deference to [PCR] courts").[7]

Furthermore, although Spratt's arguments to the PCR court and on appeal were framed in terms of his not having the right to appointed counsel for a misdemeanor charge in 1998, we find Spratt would not succeed in his claim for ineffective assistance of counsel even if his argument is read more broadly to contend sentencing counsel erred in failing to argue to the Remand Court that Spratt was not advised of his right to appointed counsel.

"[A] 'presumption of regularity' . . . attaches to final judgments, even when the question is waiver of constitutional rights." *State v. Payne*, 332 S.C. 266, 270–71, 504 S.E.2d 335, 337 (Ct. App. 1998) (quoting *Parke v. Raley*, 506 U.S. 20, 29 (1992)). This presumption of regularity places the burden of proof on a defendant when he collaterally attacks a prior conviction on constitutional grounds. *Id*. at 271, 504 S.E.2d at 337. Even when the transcript of a plea is no longer available, which is the case regarding Spratt's 1998 Plea, the defendant still bears the burden of proof in collaterally attacking his prior conviction. *See Raley*, 506 U.S. at 30 ("[I]t defies logic to presume from the mere unavailability of a transcript . . . that

---

[6] On appeal, Spratt's entire ineffective assistance of counsel argument regarding prejudice is that had sentencing counsel argued he did not have the right to appointed counsel in 1998, any presumption of regularity would have worked in his favor because such a warning would not have been given. Because we find Spratt had the right to appointed counsel at the time, we find this argument is without merit.

[7] Spratt also argues the PCR Court's determination that there was no prohibition to appointing counsel for a defendant who could not afford one was an error of law. Based on the foregoing, we find this argument is without merit because Spratt had a right to appointed counsel for the 1998 Plea; thus, we agree there was no prohibition to appointing counsel.

the defendant was not advised of his rights."). When the State prosecutes a person for a crime carrying an enhanced sentence upon conviction of a second or subsequent offense, the State does not have to prove the facts surrounding nor the legality of the prior conviction. *Id*. at 271–72, 504 S.E.2d at 338. Instead, the State must only prove "'that a previous conviction exists, that the conviction was for an offense which occurred prior to the commission of the offense for which the defendant is being tried, and that the defendant was the subject of the prior conviction.'" *Id*. at 272, 504 S.E.2d at 338 (quoting *DeWitt v. S.C. Dep't of Highways & Pub. Transp*., 274 S.C. 184, 187, 262 S.E.2d 28, 29–30 (1980) (per curiam)). Because we find Spratt had the right to appointed counsel during the 1998 Plea, the presumption of regularity would presume he was advised of his right to appointed counsel when he entered the 1998 Plea. *See* S.C. Code Ann. § 17-3-10 (2014) ("Any person entitled to counsel under the Constitution of the United States shall be so advised and if it is determined that the person is financially unable to retain counsel then counsel shall be provided upon order of the appropriate judge unless such person voluntarily and intelligently waives his right thereto."). Furthermore, the record supports the PCR court's ruling that Spratt waived his right to appointed counsel. The assistant solicitor testified the 1998 Plea Judge's (the Plea Judge) standard plea script included advising all defendants of their right to an attorney. Although suspect as evidence, this testimony is relevant to our analysis and finding that Spratt waived his right to appointed counsel because Spratt failed to object to the introduction of such statements. Moreover, the Remand Judge ruled that Spratt had waived his right to counsel, and in so ruling, he implicitly found that the Plea Judge advised Spratt of his right to appointed counsel. Additionally, this court previously affirmed the Remand Court's finding that Spratt did not prove by a preponderance of the evidence that he did not waive his right to appointed counsel in the 1998 Plea. *See Spratt*, Op. No. 2013-UP-186. Thus, even if Spratt's argument is read more broadly to contend sentencing counsel was ineffective in failing to argue to the Remand Court that Spratt was not advised of his right to appointed counsel, we find Spratt would fail to prove his counsel was ineffective.[8]

---

[8] Spratt also argues the PCR Court committed an error of law when ruling that "[t]he fact that the law at the time may not have required [a *Faretta*] warning is irrelevant to a finding that such a warning was, nonetheless, routinely given" because *Faretta* was decided in 1975, so warning about the dangers of self-representation was already required by law. We find this argument is without merit because (1) it is also premised on Spratt's contention that he would not have been advised of his right to appointed counsel at the time of the 1998 Plea because

Based on the foregoing, the PCR court's order is

**AFFIRMED IN RESULT.**[9]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

he did not have such a right at the time and (2) this court affirmed the Remand Court's finding that Spratt did not prove by a preponderance of the evidence that he was not advised of and did not waive his right to counsel at the 1998 Plea. *See Spratt*, Op. No. 2013-UP-186.

[9] We decide this case without oral argument pursuant to Rule 215, SCACR.