**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Holly Jo Thompson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2025-000654

———————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————

Appeal From Richland County
The Honorable Brian M. Gibbons, Circuit Court Judge

———————

Memorandum Opinion No. 2025-MO-039
Submitted June 11, 2025 – Filed August 20, 2025

———————

**REVERSED AND REMANDED**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Danielle Dixon, and Assistant Attorney General Brian Hollis Gibbs, all of Columbia, for Respondent.

———————

**PER CURIAM:** Petitioner Holly Jo Thompson (Thompson) seeks a writ of certiorari to review the court of appeals' decision in *Holly Jo Thompson v. State*, Op. No. 2025-UP-017 (S.C. Ct. App. filed January 23, 2025). We grant Thompson's petition for a writ of certiorari, dispense with briefing, and remand to the circuit court.

Thompson was convicted and sentenced to forty-five years' imprisonment for murder. Thompson filed a post-conviction relief (PCR) application, which was dismissed. The court of appeals granted Petitioner's petition for a writ of certiorari and ultimately affirmed the PCR court.

During the PCR hearing, both Thompson and trial counsel testified that trial counsel never spoke with Thompson about seeking an immunity hearing under the Protection of Persons and Property Act (the Act).[1] When asked if he looked into an immunity hearing for this case, trial counsel stated, "I don't remember anything specifically other than just my general knowledge of the . . . statute in South Carolina. My first concern would probably be whether it was a place that she had [a] right to be, but I think it would have been. This was a place that she was invited into not only this night but regularly. So I think it's definitely something that could have been explored."

Trial counsel further stated he understood requesting an immunity hearing would not have precluded him from claiming self-defense at trial. When questioned as to why he did not pursue an immunity hearing despite being aware of the Act, trial counsel could not specifically remember anything about Thompson's case in terms of why he did not request a hearing.

The PCR court found trial counsel was not deficient for failing to seek immunity pursuant to the Act because he articulated a valid strategy of "focusing the defense efforts on pursuing a theory of self-defense." The PCR court emphasized trial counsel knew about the Act, but chose not to pursue it through a pro/con analysis.

The court of appeals affirmed, holding trial counsel was not deficient because it is an open question—both at the time of trial and now—whether a person can invoke immunity under the Act when the person was a social guest and used force against an attacker in the attacker's home. Therefore, trial counsel could not be deficient for failing to pursue a course of action that would require expanding precedent and testing unproven theories of law. Neither the PCR court nor the court of appeals

---

[1] South Carolina Code Ann. §§ 16-11-410 to -450 (2015).

reached a prejudice determination.

Trial counsel did not assert he had a valid strategic reason for failing to seek immunity under the Act. Instead, trial counsel articulated no strategy at all on this issue—he testified he could not remember why he did not move for immunity. Therefore, the PCR court's determination that trial counsel was not deficient based on an articulated trial strategy is not supported by the evidence. *Earley v. State*, 418 S.C. 255, 266, 792 S.E.2d 226, 232 (2016) (holding where there is no support for the PCR court's conclusion, the decision should be reversed).

As to the court of appeals' conclusion that trial counsel was not deficient because the question of whether a social guest can use force against an attacker in the attacker's home has not yet been decided, trial counsel acknowledged he knew about the Act, immunity was something that could have been explored, and, again, he could not remember any specific reason why he chose not to request an immunity hearing. Therefore, trial counsel's failure to request an immunity hearing was not based on any ambiguity in the law as to whether Petitioner was entitled to immunity.

Even if trial counsel had testified he thought the Act was ambiguous in that regard, he would be incorrect. Section 16-11-440 (C) states:

> A person who is *not engaged in an unlawful activity* and who is attacked in another place *where he has a right to be*, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime as defined in Section 16-1-60.

(emphasis added).

We hold the plain language of this section includes a social guest, who is not engaged in any unlawful activity that was the proximate cause of the homicide, using force against an attacker in the attacker's home. A social guest has a right to be in the host's home, at least until the invitation is revoked. *See State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) (holding because the defendant was a social guest, he was rightfully in the apartment); *State v. Glenn*, 429 S.C. 108, 120–21, 838 S.E.2d 491, 497–98 (2019) ("[T]he burden rests upon the State to prove beyond a reasonable doubt that the unlawful act in which the accused was engaged was at least the proximate cause of the homicide." (quoting *State v. Goodson*, 312 S.C. 278, 280 n.1, 440 S.E.2d 370, 372 n.1 (1994))). Whether a defendant can meet the burden of

proof as to immunity is ultimately a factual question for the trial court. *State v. Cervantes-Pavon*, 426 S.C. 442, 451, 827 S.E.2d 564, 568–69 (2019). However, as no request for a determination of immunity under the Act was made by trial counsel here, the question of immunity was never decided. Therefore, trial counsel was deficient in failing to request an immunity hearing.

To show prejudice from trial counsel's deficiency, Petitioner must show there is a reasonable probability the circuit court would have found her immune from prosecution under the Act had trial counsel requested a hearing. *See Williams v. State*, 363 S.C. 341, 343, 611 S.E.2d 232, 233 (2005) (holding there is prejudice when but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different). Neither the PCR court nor the court of appeals addressed whether Petitioner was prejudiced by trial counsel's failure to request an immunity hearing. We, therefore, remand this matter to the PCR court to determine whether, on the existing record, Petitioner was prejudiced by trial counsel's failure to pursue immunity under the Act.

**REVERSED AND REMANDED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**